■ RESSLER & RESSLER et al., Appellants, v THEODORE H. FRIEDMAN et al., Respondents, et al., Defendant. [10 NYS3d 8]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 14, 2014, which, to the extent appealed from as limited by the briefs, upon reargument of defendants' prior motion, granted defendants' motion to transfer this action to New York County Surrogate's Court and to consolidate it with a prior proceeding pending in the Surrogate's Court, vacated its prior order entered February 19, 2013, and denied plaintiffs' cross motion to transfer the New York County Surrogate's Court proceeding to Bronx County and to consolidate the proceeding with this action, unanimously affirmed, without costs.

The record shows that by petition filed on January 20, 2011 in New York County Surrogate's Court, plaintiff Ressler & Ressler sought, among other things, disbursements and legal fees for services rendered to defendant Friedlander in a contested probate proceeding. This action, commenced in Bronx County on or about July 11, 2012, also seeks disbursements and legal fees arising out of plaintiffs' representation of Friedlander in the probate proceeding.

The Supreme Court providently exercised its discretion in deeming defendants' motion as one to reargue a prior motion to, among other things, transfer the action to Surrogate's Court, and upon reargument, properly vacated its order entered February 19, 2013, which had denied defendants' prior motion (see Sheridan v Very, Ltd., 56 AD3d 305, 306 [1st Dept 2008]). Venue generally lies where the first action was commenced—in this case, in New York County Surrogate's Court (Lopez v Chaliwit, 268 AD2d 377 [1st Dept 2000]), and the convenience of witnesses and the ends of justice would be promoted by transferring this action to New York County, where the alleged legal services, the files and the witness are all located (see id.; see also CPLR 510 [3]). Further, consolidation is warranted because this action and the Surrogate's Court proceeding have common questions of law and fact (see CPLR 602; see also Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334-335 [1st Dept 2005]).

Plaintiffs have not shown that an impartial trial could not be obtained in New York County Surrogate's Court (see CPLR 510

[2]). Defendant Eve Preminger retired as the New York County Surrogate in 2005, approximately six years before the 2011 petition was filed in that court (*see Dontzin v Digital Rain Partners I*, 295 AD2d 140 [1st Dept 2002]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.